```
                                                              JS - 6
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
                 3470 Twelfth Street, Riverside, CA  92501
                        CIVIL MINUTES -- GENERAL
```

Case No.    EDCV 09-1793 SGL (CWx)                       Date:  September 25, 2009

Title:      HSBC BANK USA, N.A., et al. v. JULIAN MONTES, et al.
==================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

     Cindy Sasse                                None Present
     Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None present                            None present

**PROCEEDINGS:    ORDER REMANDING CASE**

     The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court REMANDS this case to San Bernardino County Superior Court.

     Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendants bear the burden of establishing it. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).

     Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law to which the removing defendants intend to assert a federal defense. The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded complaint rule"). Therefore, the Court has no federal question jurisdiction. See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

     The Notice of Removal also purport to invoke the Court's diversity jurisdiction; however, those requirements are not met, either. There is no evidence that the parties are citizens of different states; although the Notice of Removal states that defendants reside in the State of

California, it is silent as to the citizenship of plaintiff.  Moreover, although defendants state that they "believe" the amount in controversy exceeds $75,000, this belief is unfounded, as the complaint expressly limits the amount in controversy to less than $10,000.  In order to invoke the Court's diversity jurisdiction, defendants must show that both that they and the plaintiff are citizens of different states, and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).

Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, defendants, who reports their address as the property at issue in this action (located in Fontana, California), are clearly forum defendants who may not remove a state-court action.  See 28 U.S.C. § 1441(b).

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to the Riverside County Superior Court.

The Clerk shall close the case.

**IT IS SO ORDERED.**